**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1695**

FULCRUM INTERNATIONAL, INCORPORATED,

Plaintiff - Appellant,

v.

PRINCE GEORGE CENTER I, INCORPORATED; WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.   J.  Frederick  Motz,  Senior  District Judge.  (8:11-cv-01390-JFM)

Submitted:  November 20, 2012      Decided:  December 21, 2012

Before WILKINSON, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark  J.  Hardcastle,  Columbia,  Maryland;  Terry  B.  Blair, Baltimore, Maryland, for Appellant.  Carol B. O'Keeffe, General Counsel, Bruce P. Heppen, Deputy General Counsel, Gerard J. Stief, Senior Associate General Counsel, Tracie Dickerson, Assistant General Counsel, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fulcrum International, Incorporated ("Fulcrum") appeals from the district court's order granting the Washington Metropolitan Area Transit Authority ("WMATA")'s Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction its claim for detrimental reliance on the basis of sovereign immunity and the court's subsequent order denying Fulcrum's motion for clerk's entry of default against the Prince George Center I, Incorporated ("PGCI") and closing the case. We affirm.

Assertions of governmental immunity are properly addressed under Fed. R. Civ. P. 12(b)(1), which permits the assertion of the defense of lack of jurisdiction over the subject matter of a claim for relief. Smith v. Wash. Metro. Area Transit Auth., 290 F.3d 201, 205 (4th Cir. 2002). When an entity such as the WMATA challenges jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of proving the existence of subject-matter jurisdiction. Id. We review a district court's dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction de novo. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

The WMATA was established by an interstate compact ("the Compact") among Maryland, Virginia, and the District of Columbia to provide a regional transportation system for the

2

Washington, D.C., metropolitan area. <u>Delon Hampton & Assocs.,</u> <u>Chartered v. Wash. Metro. Area Transit Auth.</u>, 943 F.2d 355, 357 (4th Cir. 1991). The signatories to the Compact conferred each of their respective sovereign immunities, including the immunity from suit in federal court afforded to Maryland under the Eleventh Amendment, upon the WMATA. <u>Watters v. Wash. Metro.</u> <u>Area Transit Auth.</u>, 295 F.3d 36, 39 (D.C. Cir. 2002). Accordingly, unless the WMATA's sovereign immunity has been waived, the district court lacked jurisdiction to enter judgment against it. <u>Id.</u> at 39-40.

Pursuant to Section 80 of the Compact, the WMATA has waived its immunity in certain circumstances. <u>Smith</u>, 290 F.3d at 206. Fulcrum contends that the terms of this section render the WMATA subject to suit for contractual claims like the claim for detrimental reliance it raised in this case. After review of the record and the parties' briefs, we reject this argument.

In Maryland, claims premised on a theory of detrimental reliance sound in estoppel. <u>Pavel Enters., Inc. v.</u> <u>A.S. Johnson Co., Inc.</u>, 674 A.2d 521, 531-33 (Md. 1996). Fulcrum, however, does not cite to any authority establishing that the WMATA expressly waived its immunity for estoppel claims in Section 80 of the Compact. We require waivers of sovereign immunity to be "clear and unequivocal." <u>Lizzi v. Alexander</u>, 255 F.3d 128, 133 (4th Cir. 2001), <u>overruled in part on other</u>

3

grounds by Nev. Dep't of Human Res. v. Hibbs, 538 U.S. 721 (2003). It is, however, neither clear nor unequivocal that the WMATA has waived its sovereign immunity as to estoppel claims. Martin v. Wash. Metro. Area Transit Auth., 273 F. Supp. 2d 114, 119 (D.D.C. 2003). Consequently, Section 80's partial waiver of immunity does not aid Fulcrum.

Fulcrum's reliance on Section 12 of the Compact fares no better. Although Section 12 of the Compact allows the WMATA to "[s]ue and be sued," Md. Code Ann. Transp. § 10-204(12)(a), Fulcrum's argument that Section 12 of the Compact operates as an expansive waiver of the WMATA's sovereign immunity is foreclosed by our decision in Lizzi, 255 F.3d at 132-33. Because Section 80 of the Compact, which "specifically and expressly delineates the scope of [the] WMATA's consent to be sued," id. at 133 (internal quotation marks omitted), does not waive the WMATA's immunity for claims of detrimental reliance, the district court properly dismissed the claim for lack of subject-matter jurisdiction.

Turning to the district court's denial of Fulcrum's motion for clerk's entry of default against the PGCI, we reject as meritless Fulcrum's argument that the court erred in denying the motion on the basis that its complaint was not served on the PGCI. The record before us simply fails to establish that

4

Fulcrum effectuated proper service of the complaint on the PGCI, in accordance with the provisions of Md. R. 2-124(d).

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED